UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ZURU, LLC,<br>228 Nevada Street<br>El Segundo, CA 90245-4210<br><br>                   **Plaintiff,**<br><br>v.<br><br>U.S. ENVIRONMENTAL PROTECTION AGENCY<br>1200 Pennsylvania Avenue, N.W., Mail Code 1101A<br>Washington, DC 20460,<br><br>  and<br><br>ANDREW R. WHEELER, in his official capacity as,<br>ADMINISTRATOR OF THE U.S. ENVIRONMENTAL<br>PROTECTION AGENCY<br>1200 Pennsylvania Avenue, N.W., Mail Code 1101A<br>Washington, DC 20460,<br><br>                  **Defendants.** | **Civil Action No.** _____<br><br><br><br><br><br>**Civil Action**<br><br><br>**COMPLAINT<br>FOR DECLARATORY AND<br>INJUNCTIVE RELIEF** |

## COMPLAINT
## FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff Zuru, LLC ("Zuru"), by way of this Complaint against the U.S. Environmental Protection Agency ("EPA"), and Andrew R. Wheeler, in his official capacity as Administrator, U.S. Environmental Protection Agency ("Administrator"), hereby states and alleges as follows:

### NATURE OF THE ACTION

1. This action arises from the contention that a Zuru product, referred to as Bactive Heavy Duty Cleaning Wipes, is a "pesticide" within the meaning of the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA"). It is not.

2. Contrary to law, Defendants have treated Zuru's product as a "pesticide," and inappropriately stifled Zuru's ability to import this valuable non-pesticidal cleaning product into the United States as a result.

3. Thus, pursuant to the Administrative Procedure Act ("APA"), Zuru seeks declaratory and injunctive relief to set aside final agency actions taken by Defendants contrary to FIFRA and its implementing regulations. On June 30, 2020 and July 6, 2020, EPA directed U.S. Customs and Border Protection ("CBP" or "Customs") to bar Zuru from importing into the United States two shipments (known in customs parlance as "entries") containing nearly 300,000 retail packages of Zuru's household cleaning wipes, Bactive Heavy Duty Cleaning Wipes. EPA arbitrarily and capriciously deemed this product a "pesticide," requiring registration prior to admission into the United States.

4. Zuru then spent the next month and a half trying to learn the basis for EPA's actions. In a letter and emails dated July 7, July 14 and July 19, 2020, Zuru's counsel explained in detail the reasons why the product does not fall within the definition of "pesticide" under FIFRA or its

implementing regulations. In short, the product is not labeled or advertised as a pesticide and makes no claims about disinfecting. Under EPA regulations, the product is a "cleaning agent." Along with "bleach" and deodorizers," EPA regulations provide expressly that registration is not required for this kind of cleaning product.

5. On August 17, 2020, EPA responded with an expanded and *post hoc* rationalization for its earlier orders denying entry of the product. Even if this *post hoc* rationalization were given any weight, it too should be deemed arbitrary and capricious and otherwise not in accordance with law.

6. Currently, Zuru's two shipments of wipes are in storage, at Zuru's own expense, and Zuru must remove them from the United States by a September 6, 2020 deadline or suffer financial penalty. Customs has refused to extend the September 6, 2020 deadline.

7. EPA's arbitrary and capricious orders also have put in jeopardy Zuru's ability to import *any* additional Bactive Heavy Duty Cleaning Wipes into the United States. Zuru, therefore, risks losing millions of dollars in sales on its basic household cleaning wipes that make no disinfecting claims. EPA's arbitrary and capricious orders also put in jeopardy Zuru's relationship with U.S. customers more broadly in connection with a whole host of products. EPA's arbitrary and capricious acts harm Zuru by unfairly calling into question Zuru's relationship and reputation with U.S. suppliers and its ability to import goods into the United States.

8. Therefore, pursuant to FIFRA and the APA, 7 U.S.C. § 136n(a) and 5 U.S.C. §§ 702 and 706(2)(A), Zuru seeks declaratory and injunctive relief to hold unlawful and set aside the arbitrary and capricious orders of EPA refusing admission of Bactive Heavy Duty Cleaning Wipes into the United States even though they are not "pesticides" under the plain language of FIFRA and its implementing regulations at 42 C.F.R. §§ 152.10 and 152.15. *See* Count I. Zuru

also seeks an order requiring EPA to inform Customs that its orders denying admission are withdrawn or set aside, and therefore that Customs must both allow the Bactive Heavy Duty Cleaning Wipes to remain in the United States and to allow additional shipments of Bactive Heavy Duty Cleaning Wipes into the United States.

## PARTIES

9. Plaintiff Zuru is an Oregon Limited Liability Corporation with its principal place of business located at 228 Nevada Street, El Segundo, CA 90245-4210.

10. Defendant EPA is headquartered at 1200 Pennsylvania Avenue, N.W., Washington, DC 20460.

11. Defendant Andrew R. Wheeler, Administrator of EPA, in his official capacity, has his office at 1200 Pennsylvania Avenue, N.W., Washington, DC 20460.

## JURISDICTION AND VENUE

12. Jurisdiction over the parties and subject matter of this action is proper in this Court pursuant to 7 U.S.C. § 136n (final action of the Administrator not committed to the discretion of the Administrator by law), 28 U.S.C. § 1331 (actions arising under the laws of the United States), 28 U.S.C. § 1346 (civil action against the United States founded on an Act of Congress or regulation of an executive agency), and 28 U.S.C. § 1361 (action to compel an officer of an agency of the United States to perform his duty).

13. The decision challenged in this action is a final agency action of EPA.

14. There is an actionable and justiciable controversy between Zuru and Defendants requiring resolution by this Court.

15. This Court has personal jurisdiction over Defendants EPA and Administrator of EPA.

16. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (e) and 5 U.S.C. § 703.

17. This Court may grant declaratory and injunctive relief pursuant to the Administrative Procedure Act, 5 U.S.C. §§ 702 and 706, and under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

## STANDING

18. Plaintiff Zuru has standing to bring this action under 5 U.S.C. § 702 as a person aggrieved by agency action.

## STATEMENT OF FACTS

19. Zuru is an importer into the United States and a U.S. distributor of Bactive Heavy Duty Cleaning Wipes.

20. A true and accurate copy of the artwork and labeling on the packaging of Bactive Heavy Duty Cleaning Wipes are set forth in Exhibits 1 and 2 to this Complaint ("Compl. Ex. 1" and "Compl. Ex. 2"). Complaint Exhibit 1 shows the labeling of all four sides of the package. Complaint Exhibit 2 is a true and correct copy of images of the top and bottom of the package that were sent to EPA per its request. These images are identical to the top and bottom of the package shown in Exhibit 1.

21. Bactive Heavy Duty Cleaning Wipes are disposable, non-woven wet wipes for general household cleaning, packaged 80 wipes to a retail dispensing soft package.

22. The ingredients in the Bactive Heavy Duty Cleaning wipes are water, glycerin, chlorhexidine digluconate, benzalkonium chloride, didecyldimonium chloride, phenoxyethanol, and aloe barbadensis leaf juice. *See* Compl. Exs. 1 and 2.

23. Bactive Heavy Duty Cleaning Wipes are marketed on their package labeling as intended for use in heavy duty cleaning of nonporous surfaces to fight the presence of dirt, grease, and common messes. *See* Compl. Exs. 1 and 2.

24. Bactive Heavy Duty Cleaning Wipes disclaim use on the person stating: "Do not use as a baby wipe or for personal hygiene." *See* Compl. Exs. 1 and 2.

25. The labeling on the packaging of the Bactive Heavy Duty Cleaning Wipes contains no disinfectant or other pesticidal claims. *See* Compl. Exs. 1 and 2.

26. Zuru's advertising of the Bactive Heavy Duty Cleaning Wipes contains no disinfectant or other pesticidal claims.

27. Customs issued a binding tariff classification letter ruling, N311396, dated May 12, 2020, holding that Bactive Heavy Duty Cleaning Wipes are described as: "Organic surface-active agents (other than soap); surface-active preparations, washing preparations (including auxiliary washing preparations) and cleaning preparations, whether or not containing soap, other than those of heading 3401: Preparations put up for retail sale: Other [than containing aromatic or modified aromatic surface-active agent]" under subheading 3402.20.5100, of the Harmonized Tariff Schedule of the United States. *See* N311396 available at https://rulings.cbp.gov/search?term=N311396&collection=ALL&sortBy=RELEVANCE&pageSize=30&page=1, last visited August 12, 2020. Customs has different tariff classifications for pesticides. Customs did not conclude that the tariff classification for pesticides or disinfectants described under heading 3808 of the Harmonized Tariff Schedule of the United States was applicable to the Bactive Heavy Duty Cleaning Wipes.

28. By entry for consumption number MFT-27290857, dated June 28, 2020, filed with CBP at the Port of Salt Lake City, Utah, Zuru sought the admission into the commerce of the

United States of one shipping container, holding a quantity of 2381 cartons of Bactive Heavy Duty Cleaning Wipes.  Each carton contains 18 retail packages of wipes, and thus this entry contains a total of 42,858 retail packages of Bactive Heavy Duty Cleaning Wipes.  These packages are labeled as shown in Exhibits 1 and 2.

29. On June 30, 2020, EPA Region 8 requested photo images for the product packaging, and Zuru responded by providing the images of the packaging.  *See* Compl. Ex. 2.

30. By letter to CBP at the Port of Salt Lake City, Utah, dated June 30, 2020, EPA Region 8 refused the admission of entry MFT-27290857.  *See* Compl. Ex. 3.

31. The sole basis for EPA's refusal of admission of entry MFT-27290857 is that "[t]he label for Bactive Heavy Duty Cleaning Wipes indicates that one of the active ingredients is 'chlorhexidine digluconate' a chemical that is the active ingredient in several EPA registered disinfectants.  Therefore, this product cannot be allowed entry into the United States." *Id.*

32. EPA marked entry MFT-27290857 "Hold Intact," "Refused," and Re-Export" in CBP's Automated Commercial Environment ("ACE") computer system.  *Id.*

33. By entry for consumption number MFT-27290840, dated July 2, 2020, filed with CBP at the Port of Salt Lake City, Utah, Zuru sought the admission into the commerce of the United States of six shipping containers, holding a quantity of 14,286 cartons of Bactive Heavy Duty Cleaning Wipes.  Each carton contains 18 retail packages of wipes, and thus this entry contains a total of 257,148 retail packages of Bactive Heavy Duty Cleaning Wipes.  These packages are labeled as shown in Exhibits 1 and 2.

34. By letter to CBP at the Port of Salt Lake City, Utah, dated July 6, 2020, EPA Region 8 refused the admission of entry MFT-27290840.  *See* Compl. Ex. 4.

35. The sole basis for EPA's refusal of admission of entry MFT-27290840 is that "[t]he label for Bactive Heavy Duty Cleaning Wipes indicates that one of the active ingredients is 'chlorhexidine digluconate' a chemical that is the active ingredient in several EPA registered disinfectants. Therefore, this product cannot be allowed entry into the United States." *Id*.

36. EPA marked entry MFT-27290840 "Hold Intact," "Refused," and Re-Export" in CBP's Automated Commercial Environment ("ACE") computer system. *Id.*

37. EPA's June 30, 2020 and July 6, 2020 letters are both final agency actions.

38. By letter dated July 7, 2020 to Mr. David Cobb, EPA Region 8's Section Chief of EPA's Toxics Enforcement Unit, Office of Enforcement Compliance and Environmental Justice, counsel for Zuru requested reconsideration of EPA's refusal of admission. *See* Compl. Ex. 5.

39. Zuru's counsel's July 7, 2020 letter to EPA detailed the grounds for its request that EPA reverse its determination, explaining that (1) the cleaning wipes are not a "pesticide," but rather are produced and distributed as a "cleaning agent," a substance containing a mixture of liquid ingredients, for which no pesticidal claims are made, so that the product is expressly excluded from the definition of a "pesticide," just like bleaches and deodorizers, under the terms of 40 C.F.R § 152.10, and (2) the mere presence in the product of a chemical registered as a pesticide does not bring the product within the definition of a pesticide, because the product has a significant commercially valuable use other than for a pesticidal purpose, pursuant to 40 C.F.R. § 152.15. *Id*.

40. EPA is authorized to request that CBP demand redelivery and exportation of pesticides refused admission by EPA if the goods are, in fact, pesticides. *See* 7 U.S.C. § 1360(c)(1) and Notice of Arrival for Importations of Pesticides and Pesticide Devices, 81 Fed. Reg. 67140, 67141 (September 30, 2016).

8

41. On July 13 and 14, 2020, based on EPA's two orders refusing admission, CBP issued Notices to Redeliver ordering Zuru to export the two entries (i.e., shipments) of Bactive Heavy Duty Cleaning Wipes out of the United States within 30 days from the date of the Notices. *See* Compl. Exs. 6 and 7.

42. In response to a request for extension of time from Zuru, on August 7, 2020, CBP reissued its Notices to Redeliver, in order to extend the deadline for Zuru to export the two entries (shipments) of Bactive Heavy Duty Cleaning Wipes until September 6, 2020. *See* Compl. Exs. 8 and 9.

43. In letters to CBP dated August 7, 2020, EPA Region 8 restated its June 30, 2020 and July 6, 2020 decisions to refuse admission of the Bactive Heavy Duty Cleaning Wipes in entries MFT-27290840 and MFT-27290857. *See* Compl. Exs. 10 and 11.

44. On August 17, 2020, EPA responded to Zuru's counsel's letter of July 7, 2020 with new and *post hoc* rationalizations for its orders denying admission of Zuru's two entries (shipments) of Bactive Heavy Duty Cleaning Wipes. Compl. Ex. 12.

45. Such *post hoc* rationalizations are entitled to no weight.

46. In any event, the Zuru product known as Bactive Heavy Duty Cleaning Wipes is not a "pesticide" pursuant to the definition in FIFRA or its implementing regulations.

47. FIFRA defines "pesticide" as a "substance or mixture of substances intended for preventing, destroying, repelling or mitigating any pest." FIFRA § 2(u); 7 U.S.C. 136(u).

48. EPA's regulation implementing FIFRA, 40 C.F.R. § 152.10, which is the best evidence of its contents, excludes certain types of products, including "cleaning agents," from the definition of "pesticide," "unless a pesticidal claim is made on their labeling or in connection with their sale and distribution." Section 152.10 provides:

<u>A product that is not intended to prevent, destroy, repel, or mitigate a pest</u>, or to defoliate, desiccate or regulate the growth of plants, <u>is not considered to be a pesticide. The following types of products</u> or articles <u>are not considered to be pesticides unless a pesticidal claim is made on their labeling or in connection with their sale and distribution</u>:

    (a)    Deodorizers, bleaches, and <u>cleaning agents</u>;

    (b)    Products not containing toxicants, intended only to attract pests for survey or detection purposes, and labeled accordingly;

    (c)    Products that are intended to exclude pests only by providing a physical barrier against pest access, and which contain no toxicants, such as certain pruning paints to trees.

Emphasis added.

49.    EPA's regulation implementing FIFRA, 40 C.F.R. § 152.15(b), which is the best evidence of its contents, provides that "a substance is considered to be intended for a pesticidal purpose" if "the substance consists of or contains one or more active ingredients <u>and</u> has no significant commercially valuable use as distributed or sold other than (1) use for pesticidal purpose (by itself or in combination with any other substance), (2) use for manufacture of a pesticide …." Emphasis added. Section 152.15(b) provides:

No person may distribute or sell any pesticide product that is not registered under the Act, except as provided in §§ 152.20, 152.25, and 152.30. <u>A pesticide is any substance (or mixture of substances) intended for a pesticidal purpose</u>, i.e., use for the purpose of preventing, destroying, repelling, or mitigating any pest or use as a plant regulator, defoliant, or desiccant. <u>A substance is considered to be intended for a pesticidal purpose, and thus to be a pesticide requiring registration, if</u>:

    \*        \*        \*

(b)    <u>The substance</u> consists of or contains one or more active ingredients <u>and</u> <u>has no significant commercially valuable use</u> as distributed or sold <u>other than</u> (1) use <u>for pesticidal purpose</u> (by itself or in combination with any other substance), (2) use for manufacture of a pesticide; or

    \*        \*        \*

Emphasis added.

50. Bactive Heavy Duty Cleaning Wipes are not pesticides.

51. The labeling for the Bactive Heavy Duty Cleaning Wipes contains no pesticidal claims. *See* Compl. Exs. 1 and 2.

52. More specifically, the labeling makes no claim that the Bactive Heavy Duty Cleaning Wipes or the ingredients in the Wipes are for use in preventing, destroying, repelling, or mitigating any pest. *See id.*

53. The labeling for Bactive Heavy Duty Cleaning Wipes contains no claim that the product or any ingredient in the product disinfects. *See id.*

54. Bactive Heavy Duty Cleaning Wipes are not a pesticide just because they are made in wipe form.

55. The Bactive Heavy Duty Cleaning Wipes list "ingredients," none of which are identified as "active ingredients." *See id.*

56. The fact that Bactive Heavy Duty Cleaning Wipes contain the ingredient chlorhexidine digluconate does not make Bactive Heavy Duty Cleaning Wipes a pesticide.

57. Bactive Heavy Duty Cleaning Wipes have commercially valuable use other than for a pesticidal purpose.

58. Bactive Heavy Duty Cleaning Wipes have commercially valuable use to remove grease and dirt from nonporous surfaces.

59. Considered by itself, chlorhexidine digluconate, an ingredient in the Bactive Heavy Duty Cleaning Wipes, has commercially valuable non-pesticidal use in its own right. Zuru is informed and understands that chlorhexidine digluconate contributes degreaser and detergent qualities to the wipes, and acts as a preservative in the wipes. Zuru has confirmed that EPA's

Chemical and Products Categories (CPCat) database includes chlorhexidine digluconate in the "cleaning/washing" use category (CPCat cassette). https://actor.epa.gov/cpcat/faces/chemicalUse.xhtml?casrn=18472-51-0, last visited August 10, 2020. The preservative properties of chlorhexidine digluconate are similarly well-documented. *See* Willis, L. (1993) Final Report on the Safety Assessment of Chlorhexidine/chlorhexidine diacetate/chlorhexidine dihydrochloride/chlorhexidine digluconate. Journal of the American College of Toxicology, 12(3), 201-223. https://journals.sagepub.com/doi/pdf/10.3109/10915819309140642, last visited August 10, 2020, and Andersen, F. A. (2011) Annual review of cosmetic ingredient safety assessments: 2007-2010. International journal of toxicology, 30(5_suppl), 73S-127S. https://journals.sagepub.com/doi/pdf/10.1177/1091581811412618, last visited August 10, 2020.

60.     In sum, the product known as Bactive Heavy Duty Cleaning Wipes is for the purpose of cleaning, not mitigating a pest or disinfecting. The chemicals in the product are present for non-pesticidal purposes and contribute preservative, degreaser, and detergent properties. For this reason, the Bactive Heavy Duty Cleaning Wipes have commercial value other than for use as a pesticide.

61.     Accordingly, in this case, the basis for EPA's denial of admission of the Bactive Heavy Duty Cleaning Wipes is contrary to FIFRA and EPA's regulations implementing FIFRA.

62.     Zuru has incurred approximately $75,000 in storage costs and related expenses as a result of EPA's refusal of admission.

63.     Zuru will incur additional costs if it has to export all or part of the two entries (shipments) of Bactive Heavy Duty Cleaning Wipes from the United States back to China.

64.     Zuru has suffered damage to its reputation as a reliable supplier as a result of EPA's refusal of admission of the Bactive Heavy Duty Cleaning Wipes.

65. Zuru has suffered damage to its reputation as a reliable customer to its supplier of Bactive Heavy Duty Cleaning Wipes.

66. There are no administrative remedies that Zuru is required to exhaust prior to making this claim. There is no administrative process that Zuru can invoke to review the final agency decisions of EPA at issue.

## COUNT I

## Violation of the Administrative Procedure Act

67. Paragraphs 1 through 66 of this Complaint are incorporated by reference, and alleged, as though fully stated herein.

68. EPA's denials of entry of Bactive Heavy Duty Cleaning Wipes into the United States are arbitrary and capricious and otherwise not in accordance with law in violation of 5 U.S.C. § 706(2)(A) because Bactive Heavy Duty Cleaning Wipes are not pesticides as defined by FIFRA or its implementing regulations.

69. EPA's denials are "otherwise not in accordance with" FIFRA § 2(u); 7 U.S.C. 136(u) and 40 C.F.R. §§ 152.10 and 152.15(b) and thus contrary to law.

70. Specifically, EPA's conclusion that Bactive Heavy Duty Cleaning Wipes are a pesticide because they contain an active ingredient "chlorhexidine digluconate" is arbitrary and capricious and contrary to law.

71. EPA stated no other basis for its orders in its final orders denying entry.

72. *Post hoc* rationalizations are entitled to no weight. Thus, the August 17, 2020 letter cannot justify EPA's erroneous determinations in its June 30, 2020 and July 6, 2020 orders after the fact.

73. Even if the *post hoc* rationalization is given any weight, the conclusions and reasoning in EPA's August 17, 2020 letter that Bactive Heavy Duty Cleaning Wipes are pesticides are also arbitrary and capricious and otherwise not in accordance with law in violation of the APA.

74. Accordingly, EPA's decisions to deny entry of the two entries (shipments) of Bactive Heavy Duty Cleaning Wipes (MFT-27290857 and MFT-27290840) are arbitrary and capricious and otherwise not in accordance with law.

## PRAYER FOR RELIEF

**WHEREFORE**, Zuru respectfully requests that this Court enter judgment in its favor, and this Court enter an Order as follows:

A. Declaring EPA's orders (*i.e.*, EPA's June 30, 2020 order, July 6, 2020 order, and August 7, 2020 restated orders) (1) denying admission of Bactive Heavy Duty Cleaning Wipes into the United States and (2) requiring Zuru to either export Bactive Heavy Duty Cleaning Wipes or register the product as a pesticide for their admission into the United States, to be arbitrary, capricious and otherwise not in accordance with law in violation of 5 U.S.C. § 706(2)(A);

B. Declaring EPA's orders (*i.e.*, EPA's June 30, 2020 order, July 6, 2020 order, and August 7, 2020 restated orders) (1) denying admission of Bactive Heavy Duty Cleaning Wipes into the United States and (2) requiring Zuru to either export Bactive Heavy Duty Cleaning Wipes or register the product as a pesticide for their admission into the United States, to have been issued *ultra vires* by EPA and/or in violation of the requirements of FIFRA and 5 U.S.C. § 706(2);

C. Setting aside EPA's orders (*i.e.*, EPA's June 30, 2020 order, July 6, 2020 order, and August 7, 2020 restated orders) (1) denying admission of Bactive Heavy Duty Cleaning Wipes into the United States and (2) requiring Zuru to either export Bactive Heavy Duty Cleaning Wipes

or register the product as a pesticide for their admission into the United States, in accordance with 5 U.S.C. § 706(2)(A);

D. Declaring that EPA's August 17, 2020 letter is a *post hoc* rationalization entitled to no weight;

E. Enjoining Defendants from enforcing EPA's orders (*i.e.*, EPA's June 30, 2020 order, July 6, 2020 order, and August 7, 2020 restated orders) and requiring Defendants to withdraw EPA's orders denying admission of Bactive Heavy Duty Cleaning Wipes into the United States (*i.e.*, EPA's June 30, 2020 order, July 6, 2020 order, and August 7, 2020 restated orders);

F. Requiring Defendants to notify CBP either that EPA is withdrawing its orders denying admission of Bactive Heavy Duty Cleaning Wipes into the United States (*i.e.*, EPA's June 30, 2020 order, July 6, 2020 order, and August 7, 2020 restated orders) or that the Court has set them aside, and thus EPA is no longer requesting that CBP seek exportation of the Bactive Heavy Duty Cleaning Wipes in the two entries at issue (MFT-27290857 and MFT-27290840);

G. Declaring that CBP's Notices to Redeliver related to the two shipments at issue (MFT-27290857 and MFT-27290840), which implement EPA's orders described above, are void;

H. Staying the September 6, 2020 exportation deadline, which was directed by Defendants and implemented by Customs following Defendants' orders, pending resolution of this lawsuit;

I. If Defendants and/or Customs, at Defendants' direction, have forced Zuru to export the Bactive Heavy Duty Cleaning Wipes in the two entries at issue (MFT-27290857 and MFT-27290840) prior to adjudication of this lawsuit, holding and declaring that Defendants acts as to the two entries were arbitrary and capricious, unlawful, and otherwise not in accordance with law;

J.      Enjoining Defendants from requiring Bactive Heavy Duty Cleaning Wipes to be registered as a "pesticide";

K.      Enjoining Defendants from denying entry of Bactive Heavy Duty Cleaning Wipes into the United States, and

L.      Providing Plaintiff with such other relief as this Court may deem just.

Respectfully submitted,

COUNSEL FOR PLAINTIFF ZURU, LLC

By: /s/ Christina M. Carroll
Christina M. Carroll, Esq. (D.C. Bar No. 473337)
DENTONS US LLP
1900 K Street, N.W.
Washington, DC 20006
(202) 496-7212
christina.carroll@dentons.com

Stanley W. Landfair, Esq. (D.C. Bar No. 377083)
Application for D.D.C. Membership Pending
DENTONS US LLP
One Market Plaza
San Francisco, CA 94105
(415) 267-4170
stan.landfair@dentons.com

CO-COUNSEL FOR PLAINTIFF ZURU, LLC:

Michael K. Tomenga, Esq. (D.C. Bar No. 257006)
NEVILLE PETERSON LLP
1400 16th Street, N.W., Suite 350
Washington, DC 20036-2227
(202) 776-1148
mtomenga@npwdc.com

Dated:    August 31, 2020